In the Matter of the Applications of THOMAS SETON JEVONS and Others for the Appointment of Persons to Appraise the Value of Shares of Stock in LLOYDS CASUALTY COMPANY.

Supreme Court, New York County, December 14, 1932.

*Emanuel A. Stern*, for the petitioners.

*Edward G. Griffin*, for Lloyds Casualty Company.

WASSERVOGEL, J. Petitioners apply for an appraisal of stock which they claim to own in the Lloyds Casualty Company. Under an agreement, dated August 17, 1932, the directors and stockholders of Lloyds Casualty Company, Constitution Indemnity Company of Philadelphia and Detroit Fidelity and Surety Company agreed to merge and consolidate as a continuing corporation under the name of Lloyds Insurance Company of America. There was no dissent at the meeting of the stockholders of Lloyds Casualty Company which was called for the purpose of approving the aforesaid agreement. The Pennsylvania and Michigan corporations ratified this agreement. Thereafter, Commissioners of Insurance of the Commonwealth of Pennsylvania and of the State of Michigan duly approved same and consented that the domicile of the corporation be fixed in New York. The agreement was approved as to form by the Attorney-General of New York and subsequently approved in accordance with section 80-a of the Insurance Law by the Superintendent of Insurance of the State of New York. Section 87 of the Stock Corporation Law gives the right of appraisal to the dissenting stockholders of corporations organized under such law, which in section 5 of article II specifically excepts corporations formed pursuant to the Banking Law, the Insurance Law, the Railroad Law and the Transportation Corporations Law. Petitioners, however, contend that the facts presented indicate a voluntary sale of corporate assets or property, pursuant to section 20

of the Stock Corporation Law, which applies to all save railroad corporations and insist that as dissenting stockholders they have the right by virtue of the provisions of section 21 of the Stock Corporation Law to have their stock appraised. I cannot agree with this contention. A merger or consolidation of the several corporations above named was duly effected pursuant to the provisions of section 80-a of the Insurance Law. Motion denied.